**Opinion filed June 28, 2019**



### In The

# Eleventh Court of Appeals

_____

## No. 11-18-00346-CR

_____

## KELSEY LYNN BROWN, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 42nd District Court**
**Taylor County, Texas**
**Trial Court Cause No. 26011A**

## M E M O R A N D U M   O P I N I O N

Appellant, Kelsey Lynn Brown, originally pleaded guilty, without the benefit of an agreement on punishment, to the first degree felony offense of injury to a child. *See* TEX. PENAL CODE ANN. § 22.04(a)(1),(e) (West 2019). The trial court deferred a finding of guilt and placed Appellant on community supervision for eight years. The State subsequently filed a motion to adjudicate Appellant's guilt, alleging twenty-one violations by Appellant of the conditions of her community supervision.

At the hearing on the State's motion to adjudicate, the State abandoned seven of the alleged violations. Appellant pleaded "true" to the remaining fourteen alleged violations, including allegations that she failed to report to her community supervision officer, remain in a specific geographic area, inform her community supervision officer of a change in employment, submit to urinalysis tests, complete community service, and pay ordered fees. Following a punishment hearing, the trial court found the State's allegations to be true, revoked Appellant's community supervision, and adjudicated Appellant guilty of the charged offense. The trial court assessed Appellant's punishment at imprisonment for twenty years. We modify the trial court's judgment to reflect that Appellant pleaded "TRUE" to the State's motion to adjudicate and, as modified, affirm the judgment of the trial court.

Appellant's court-appointed counsel has filed a motion to withdraw. The motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and states that he has concluded that this appeal is frivolous and without merit. Counsel has provided Appellant with a copy of the brief, a copy of the motion to withdraw, an explanatory letter, and a copy of the clerk's record and the reporter's record. Counsel advised Appellant of her right to review the record and file a response to counsel's brief. Counsel also advised Appellant of her right to file a pro se petition for discretionary review in order to seek review by the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68. Court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); and *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991).

Appellant has not filed a pro se response to counsel's *Anders* brief. Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed

the record, and we agree the appeal is without merit. Appellant pleaded true to the allegations in the motion to adjudicate. We note that, although the State did not present evidence of the alleged violations, generally, "[a] plea of true, standing alone, is sufficient to support the revocation of community supervision and adjudicate guilt." *Tapia v. State*, 462 S.W.3d 29, 31 n.2 (Tex. Crim. App. 2015) (citing *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980)). Further, proof of one violation of the terms and conditions of community supervision is sufficient to support the adjudication. *Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009). Finally, absent a void judgment, issues relating to an original plea proceeding may not be raised in a subsequent appeal from the revocation of community supervision and adjudication of guilt. *Jordan v. State*, 54 S.W.3d 783, 785–86 (Tex. Crim. App. 2001); *Manuel v. State*, 994 S.W.2d 658, 661–62 (Tex. Crim. App. 1999). Based on our review of the record, we agree with counsel that no arguable grounds for appeal exist.[1]

Appellant's counsel has requested that this court modify the trial court's judgment to reflect that Appellant pleaded "true" instead of "not true" to the allegations in the State's motion to adjudicate. We agree that this modification is warranted. *See Edwards v. State*, 497 S.W.3d 147, 164 (Tex. App.—Houston [1st Dist.] 2016, pet. ref'd) (noting that, when it has the necessary information to do so, appellate court has authority to reform the trial court's judgment to correctly reflect trial court proceedings and modifying judgment to reflect that defendant pleaded "true" to enhancement paragraph).

We modify the judgment of the trial court to reflect that Appellant pleaded "TRUE" to Paragraphs 5 through 8, 10, and 13 through 21 of the State's motion to

---

[1]We note that Appellant has a right to file a petition for discretionary review pursuant to Rule 68 of the Texas Rules of Appellate Procedure.

adjudicate. Finding that the appeal is otherwise meritless, we grant counsel's motion to withdraw and affirm the trial court's judgment as modified.

PER CURIAM

June 28, 2019

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[2]

Willson, J., not participating.

---

[2]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.